UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT BARBASA; JOHN KELLEY VILLAGOMEZ; DAVID SEPULVEDA, et al.,<br><br>  Defendants. | Case No. 14-cv-03783-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. For the reasons discussed below, the amended complaint is dismissed in part, and the United States Marshal is ordered to serve certain Defendants.

## STANDARD OF REVIEW

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

1  28 U.S.C. § 1915(e)(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v.*
2  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
5  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon
6  which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to
7  state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
8  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
9  formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must
10  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
11  127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to
12  state a claim for relief that is plausible on its face." *Id.* at 1974.  To state a claim under 42 U.S.C.
13  § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of
14  the United States was violated, and (2) that the alleged violation was committed by a person acting
15  under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **DISCUSSION**

17  Plaintiff alleges that in September 2007, while he was a pretrial detainee at the Santa Clara
18  County Jail ("Jail"), correctional officers Barbasa and Villagomez and Captain Sepulveda violated
19  his Fourteenth Amendment right to due process by using excessive force against him and
20  depriving him of adequate medical care.  The claim was dismissed with leave to amend because
21  Plaintiff had not allege any facts about the use of force or denial of medical care, or what each of
22  the Defendants did individually to cause these constitutional violations.  In the amended
23  complaint, Plaintiff describes how Barbasa, Villagomez and Sepulveda each used excessive force
24  against him, as well as sufficient factual circumstances surrounding this use of force to state a
25  "plausible" and cognizable claim that they violated his constitutional rights.  Plaintiff does not,
26  however, cure the deficiency in his medical care claim, as he states that Defendants denied him ex-
27  rays and medical treatment without identifying who did so, what actions each Defendant took, and
28  what medical care beyond the x-rays he needed and did not receive.  Accordingly, the excessive

force claim is cognizable and may proceed, but the claim of inadequate medical care is dismissed.

In his original complaint, Plaintiff also alleged that Defendant Sepulveda violated his constitutional rights by destroying documents pertaining to Plaintiff's contacts with the Jail's Internal Affairs Department and Plaintiff's complaints about his treatment by Jail employees. These documents were subpoenaed by Plaintiff's attorney for use at Plaintiff's criminal trial. Sepulveda responded to the subpoena by explaining that they were destroyed pursuant to "Local and State Law and Department of Correction Policy." The claim was dismissed because Plaintiff did not explain how such documents related to Plaintiff's criminal charges or how their destruction might have violated his constitutional rights, and he was given leave to amend to identify the constitutional right or rights that were violated and explain how their destruction violated such right or rights. The amended complaint does not do so. Rather, Plaintiff simply reiterates some of the allegations from the original complaint. As Plaintiff did not cure the deficiency in this claim, it is also dismissed.

## CONCLUSION

For the foregoing reasons,

1. The claims regarding medical care and destruction of documents are DISMISSED with prejudice. The claim of excessive force is cognizable, when liberally construed.

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, the Magistrate Judge jurisdiction consent form, a copy of the amended complaint with attachments thereto, and a copy of this order upon: Robert Barbasa, John Kelly Villagomez and Captain David Sepulveda at the Santa Clara County Jail.

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the Santa Clara County Counsel's Office.

3. Each Defendant shall complete and file their own Magistrate Judge jurisdiction consent form within **28 days** of the date they are served, or **91 days** of the date this order is filed, whichever comes first. If all of the Defendants consent to a Magistrate Judge's jurisdiction, then:

   a. Defendants shall file an answer in accordance with the Federal Rules of Civil

3

1 Procedure.

2     b. No later than **91** days from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    c. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    e. Defendants **shall** file a reply brief no later than **14** days after the opposition is filed.

    f. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to

4

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
2  Civil Procedure 41(b).
3      7. Requests for a reasonable extension of time will be considered if supported by a
4  showing of good cause and filed prior to the deadline sought to be extended.
5      **IT IS SO ORDERED.**
6  Dated: December 16, 2014

                                                             JACQUELINE SCOTT CORLEY
                                                             UNITED STATES MAGISTRATE JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.